ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Derian, Inc. | ) ASBCA No. 62957 |
| | ) |
| Under Contract No. W912EF-19-C-0006 | ) |

APPEARANCE FOR THE APPELLANT: Mr. Mark Jensen
   President

APPEARANCES FOR THE GOVERNMENT: Michael P. Goodman, Esq.
   Engineer Chief Trial Attorney
   Michaela M. Murdock, Esq.
   Engineer Trial Attorney
   U.S. Army Engineer District, Walla Walla

OPINION BY ADMINISTRATIVE JUDGE TAYLOR
ON THE GOVERNMENT'S MOTION FOR PARTIAL RECONSIDERATION

The government moves for a partial reconsideration of the Board's August 25, 2023, decision granting, in part, the appeal of *Derian, Inc.*, ASBCA No. 62957, 23-1 BCA ¶ 38,425 (familiarity with that decision is presumed). The government requested the Board reconsider two rulings. First, the government requests the Board reconsider its inclusion of $13,156 for the foot valves in its calculation of the contract price. Second, the government requests the Board reconsider its ruling denying the government's liquidated damages assessment. For the reasons stated below, we deny the government's motion.

DECISION

## I. Standard Of Review For Motions For Reconsideration

In deciding a motion for reconsideration, the Board will determine "'whether there is newly discovered evidence or whether there were mistakes in the decision's findings of fact, or errors of law.'" *CJW Contractors, Inc.*, ASBCA No. 63228, 23-1 BCA ¶ 38,402 at 186,602 (quoting *ADT Constr. Grp., Inc., by Timothy S. Cory*, ASBCA No. 55358, 14-1 BCA ¶ 35,508 at 174,041). A motion for reconsideration does not give the moving party another opportunity to "present arguments previously made and rejected." *Assist Consultants Inc.*, ASBCA Nos. 61525, 62090, 21-1 BCA ¶ 37,946 at 184,297. A motion for reconsideration also does not give the moving party the opportunity to advance arguments that "properly should have been presented in an earlier proceeding." *Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014) (citing *Bluebonnet Sav. Bank, F.S.B. v. United States*, 466 F.3d 1349, 1361 (Fed. Cir. 2006). Accordingly, the moving party

bears the burden to present "'a compelling reason why the Board should modify its decision.'" *CJW Contractors, Inc.* 23-1 BCA ¶ 38,402 at 186,602 (quoting *Philips Lighting N. Am. Corp.*, ASBCA No. 61769 *et al.*, 21-1 BCA ¶ 37,821 at 183,647).

## II. The Government's Assertions Of Error

### A. The Board's Inclusion of the Foot Valves in the Contract Price Calculation Is Correct

In its motion for reconsideration, the government first asserts that the Board erred in awarding Derian costs for the foot valves (gov't mot. at 2-4). The government misinterprets our decision. Our decision found the amount the government determined Derian was entitled to for the foot valves in its final decision should be included in the contract price. *Derian*, 23-1 BCA ¶ 38,425 at 186,760 (citing to finding 48 at 186,749). Contrary to the government's assertion, our decision did not award Derian an additional monetary amount for the foot valves. In its response to the government's motion for reconsideration, Derian correctly notes that failing to include the foot valves in the contract price would result in an underpayment to Derian (app. resp. at 3).

Our decision established the final contract price resulting from the government's deductive change and Derian's various equitable adjustment claims. *Derian*, 23-1 BCA ¶ 38,425 at 186,760. The contract price following the government's issuance of Modification No. A00004 on May 13, 2021, was $2,263,279.71. *Id.* at 186,749 (finding 46). In our decision, we used $2,263,279.71 as the starting point for calculating the correct contract price. This amount did not include the foot valves. The government added the foot valves claim amount to the contract price via Modification No. A00005 on August 4, 2021 (gov't mot. at ex. 1).[1] Hence, we correctly found that we must include the foot valve amount in our contract price calculation. The government's subsequent submittal of Modification No. A00005 with its motion does not change that conclusion.

The parties do not dispute that the total amount paid to Derian under the contract was $2,044,870.41. *Derian*, 23-1 BCA ¶ 38,425 at 186,760. This amount included payment for the foot valves (app. resp. at 2). As we determined in our decision, Derian is entitled to receive an additional payment for the difference between the adjusted contract price ($2,159,646.71) less the amount previously paid under the contract ($2,044,870.41) or $114,776.30. *Derian*, 23-1 BCA ¶ 38,425 at 186,760. We see no basis to revisit our decision on this issue.

---

[1] Neither party included this document in the record.

## II.  The Board's Denial of the Government's Liquidated Damages Assessment Is Correct

The government further contends the Board's decision denying its assessment of liquidated damages was incorrect (gov't mot. at 4).  The government asserts the Board's decision "that a new contract completion date must be established after a deductive modification is in error and lacks support" (*id.*).  The government mischaracterizes our decision.

The contract required Derian to complete "all on-site installation . . . of the headcover pumps for Main Units 1-6 between June 2019 and December 2019" and system commissioning by January 19, 2020, 30-days following the final installation date. *Derian*, 23-1 BCA ¶ 38,425 at 186,744 (finding 3).  The parties agreed the original contract completion date was January 19, 2020 (*id.*).  Following Derian's installation of the new head cover pump on Unit 4, the government determined a design defect prevented the pump from keeping up with the water inflow.  *Derian*, 23-1 BCA ¶ 38,425 at 186,746 (finding 24).  The government notified Derian that it should limit its activities on the contract until the government could develop a solution to the water leakage problem.  *Id*. at 186,747 (finding 26).  Derian informed the government that this development would impact the approved schedule (*id.*).  On November 26, 2019, the parties signed Modification No. A00002 requiring Derian to install Variable Frequency Drives (VFDs) to address the leakage issue.  *Id*. (finding 27).  The modification indicated Derian would be entitled to additional time related to this modification, and the time impact would be negotiated and settled through a future modification (*id.*).  The Board determined the original contract completion date became inapplicable when the government discovered the design defect and added the VFDs to the contract.[2]  *Derian*, 23-1 BCA ¶ 38,425 at 186,759.  The government admits it never established a new completion date (gov't mot. at 4).

Moreover, on January 17, 2020, two-days before the original scheduled contract completion date, the government terminated certain contract work including Derian's installation of the VFDs, the installation of the headcover pumps and piping in two units, and the completion of the commissioning for all six units.  *Derian*, 23-1 BCA ¶ 38,425 at 186,748 (finding 35).  The Board found the deletion of the work that formed the basis for the contract completion date also made that date inapplicable.  *Id*. at 186,760.

The government argues that our ruling conflicts with Federal Acquisition Regulation (FAR) 52.211-13, Time Extensions (gov't mot. at 4 (citing R4, tab 3 at 30)).

---

[2] The government admitted Derian was unable to complete the installation of some of the unit pumps due to the excessive water leakage and the units would not be available again until after the contract completion date.  *Derian*, 23-1 BCA ¶ 38,425 at 186,747 (finding 30).

[3] That clause addresses change orders granting time extensions. It does not address situations wherein the government eliminates the work forming the basis for the contract completion date. The clause specifically states ". . . the remaining contract completion dates for all other portions of the work will not be altered. The change order also may provide an equitable readjustment of liquidated damages under the new completion schedule." FAR 52.211-13, TIME EXTENSIONS (SEP 2000). Here, the government eliminated the contract completion date for all the work when it terminated the work forming the basis for that date and failed to establish a new contract completion schedule for the remaining work. FAR 52.211-13 is simply not applicable to this case.

The government also contends Derian failed to prove it was entitled to an excusable delay in failing to meet the contract completion date (gov't mot. at 5-6). As discussed in our decision, the government bears the initial burden of proving a contractor failed to meet the contract completion date. *Derian*, 23-1 BCA ¶ 38,425 at 186,759. The burden then shifts to the contractor to establish an excusable delay only after the government has met that initial burden. *Id*. Here, we found the government did not meet its initial burden by showing Derian failed to meet an established contract completion date. *Id*. at 186,760. Hence, Derian had no requirement to prove an excusable delay.

Finally, the government contends our decision conflicts with prior Board decisions finding the government did not waive contract construction completion dates (gov't mot. at 6-9). The government argues our decision contains no analysis of the government's waiver of the completion date despite finding the government waived that date (gov't mot. at 8-9). The government is once again mistaken. Our decision did not find the government waived the contract completion date. Rather, our decision found the original contract completion date no longer applied after the government modified the contract due to the design defect and terminated the work forming the basis for that date. *Derian*, 23-1 BCA ¶ 38,425 at 186,759-60. The Board's previous waiver cases are not applicable to this appeal.

---

[3] We note the government did not make this argument during the original proceeding.

<u>CONCLUSION</u>

For the reasons stated above, the government's motion for partial reconsideration is denied.

Dated:  January 11, 2024

ARTHUR M. TAYLOR
Administrative Judge
Armed Services Board
of Contract Appeals

I <u>concur</u>

OWEN C. WILSON
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I <u>concur</u>

MICHAEL N. O'CONNELL
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62957, Appeal of Derian, Inc., rendered in conformance with the Board's Charter.

Dated:  January 11, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals